# IN THE COURT OF APPEALS OF IOWA

No. 17-0604
Filed December 20, 2017

**IN THE MATTER OF T.M.,**
**Alleged to Be Seriously Mentally Impaired,**

**T.M.,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda,

District Associate Judge.


        T.M. appeals from the order finding that he is seriously mentally impaired

and ordering him to undergo involuntary hospitalization.  **REVERSED.**


        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Special

Assistant Attorney General, for appellee State.


        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

T.M. appeals from the order finding that he is seriously mentally impaired and ordering him to undergo involuntary hospitalization. He challenges the sufficiency of the evidence supporting the district court's finding.[1] Because there is insufficient evidence to support a finding he is likely to cause serious emotional injury if left untreated, we reverse.

T.M.'s sister filed an application for order of involuntary hospitalization alleging T.M. had a serious mental impairment pursuant to Iowa Code section 229.6 and should be taken into immediate custody. T.M.'s sister stated that T.M. was "delusional," believing "he is a God and a King," in addition to thinking he has children when he does not. She further stated that T.M. made some violent posts on his Facebook page, "for example talking about killing and posting graphic photos of people who have been hung."

Layhla Keairns, a physician's assistant working under the supervision of Dr. Stewart Fern, evaluated T.M. and completed consultation reports filed in district court. T.M. was diagnosed with schizophrenia. The reports state T.M. expressed delusions of grandeur and paranoia. The reports state T.M. was unable to make responsible decisions with respect to his hospitalization or treatment based on the severity of his symptoms. The reports opine that T.M. was likely to physically injure himself, to physically injury others, and to inflict severe emotional injury on those

---

[1] T.M. also raises a procedural challenge, arguing the court erred in denying his motion to dismiss because the hospitalization hearing was held more than five days after he was taken into custody, in violation of Iowa Code section 229.11 (2017). Because we find the evidence is insufficient to support a finding of serious mental impairment, we decline to address whether good cause existed for the delay.

unable to avoid contact with him. They also state that T.M. was incapable of satisfying his needs.

> Chapter 229 defines "serious mentally impaired" as
>
> the condition of a person with mental illness and because of that illness lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization or treatment, and who because of that illness meets any of the following criteria:
> a. Is likely to physically injure the person's self or others if allowed to remain at liberty without treatment.
> b. Is likely to inflict serious emotional injury on members of the person's family or others who lack reasonable opportunity to avoid contact with the person with mental illness if the person with mental illness is allowed to remain at liberty without treatment.
> c. Is unable to satisfy the person's needs for nourishment, clothing, essential medical care, or shelter so that it is likely that the person will suffer physical injury, physical debilitation, or death.

Iowa Code § 229.1(20).

Following a hospitalization hearing, the district court found clear and convincing evidence established that T.M. is a person with schizophrenia and that he lacks the ability to make responsible decisions concerning his treatment. The court then addressed the requirements set forth in the individual paragraphs of section 229.1(20). The court noted that although the testimony and some of the language in the reports stated it is "possible" that he is likely to physically injure himself or others if untreated as set forth in paragraph (a) or to suffer physical injury, physical debilitation, or death as set forth in paragraph (c), there was no showing that those possibilities were *likely* to occur as the statute requires. Instead, the court found that there was clear and convincing evidence that T.M. was likely to inflict serious emotional injury on others who could not avoid contact with him, as set forth in section 229.1(20)(b). On this basis, the court entered an order finding T.M. to be seriously mentally impaired.

T.M. challenges the sufficiency of the evidence to support the finding he is seriously mentally impaired as defined in section 229.1(20)(b). T.M. does not dispute the evidence establishing he is a person with a mental illness and that, as a result, he lacks the necessary judgment to make decisions concerning his treatment. He instead challenges the sufficiency of the evidence showing he is likely to inflict serious emotional injury on others.

"Serious emotional injury" is defined as "an injury which does not necessarily exhibit any physical characteristics, but which can be recognized and diagnosed by a licensed physician or other mental health professional and which can be causally connected with the act or omission of a person who is, or is alleged to be, mentally ill." Iowa Code § 229.1(19). Showing the likelihood a person will cause serious emotional injury "requires a predictive judgment, based on prior manifestations but nevertheless ultimately grounded on future rather than past danger." *In re J.P.*, 574 N.W.2d 340, 344 (Iowa 1998) (citation omitted). The danger must be evidenced by a "recent overt, act, or threat." *Id.* (citation omitted).

At the hospitalization hearing, Keairns testified that T.M.'s mother and sister were "extremely tearful" when discussing how schizophrenia has affected T.M., describing him as not being "the same person since he began symptoms approximately four years ago," which was "very difficult for them to witness." The following exchange then occurred:

> Q. So if you witnessed them actually be tearful, would it be fair to say you saw a direct emotional effect of the respondent's mental health on those people closest to him? A. Yes. There was a telephonic interview, but yes, his sister at the end of the conversation was tearful.
> Q. And if the respondent continues to go unmedicated, do you foresee that to continue? A. Yes, in my opinion.

> . . . .
> Q. Would it also be in the best interest of his family members who have close contact with him that he be treated? A. Yes, I believe so.
> Q. Okay. And would it also be in the best interest of other people who would have contact with him to avoid any sort of harm to them if he goes untreated? A. Yes.

The record evidence concerning the emotional effect that T.M.'s illness has had on family members is insufficient to base a finding that T.M. is likely to inflict serious emotional injury on others if left untreated. If T.M. presents such a danger, the evidence presented to the district court failed to show it. We acknowledge this is the type of case where family members would prefer not to testify against their own family member. But, the State has the burden of proof and the failure of the family members to testify can adversely affect the ability of the State to meet its burden. Perhaps with the testimony of the family members, this appeal may have been resolved differently.

Because there is insufficient evidence showing T.M. is seriously mentally impaired as set forth in section 229.1(20)(b), we reverse.

**REVERSED.**